Campbell v. English.

---

\*CAMPBELL *v.* ENGLISH AND WIFE. [119

Child's share of estate—payment to guardian out of office—administrator's liability on the bond, for moneys received on a sale of land, under a proceeding for partition—child's declarations.

Moneys received by an administrator as the proceeds of land sold under a petition for partition are within the condition of the administrator's bond.

A guardian for a female under twelve years has no authority to receive money for his ward, after she attains that age—payment to a guardian after his authority has ceased is no payment.

The declarations of the ward as to the manner of her dealing with her guardian, cannot affect her legal rights.

ERROR to the Court of Common Pleas. Upon the record, the following questions are submitted to the court, the determination of which will affirm or reverse the judgment of the court below.

1. Is the security upon an administrator's bond, liable for money coming into the administrator's hands as the proceeds of a sale of land upon petition for partition, by the heirs of the intestate?

2. Will payment of a child's distributive share of the estate to the guardian of a female (who was appointed when the ward was under twelve years), *after* she attained the age of twelve years, be a discharge of the ward's claim?

3. In such a case, would it be proper to admit in evidence the acknowledgment of the ward, after she attained *full* age, that she *dealt* with her guardian, *as guardian*, after she was twelve years old?

*J.* and *D. L. Collier,* for the plaintiff in error.

*Goodenow* and *C. J. Wright,* contra.

LANE, J. The sale of land upon a petition for partition is one of the duties enjoined by law in certain cases upon the administrator, and is, therefore, embraced in the bond for the performance of his duties; 4 *O.* 127.

A guardian for a female under twelve years continues only till the ward attains to that age. A guardian, or a man that has been guardian, *after his guardianship has expired,* has no more power

than if he had never been appointed. The money, in this case, was due the child, and the payment to one having no authority is no payment. If proof were admitted, that the child said, after she was of full age, that she had dealt with her former guardian, *as guardian*, how would it avail? Would her acts, while an infant, change the law? We should think not.

The judgment is affirmed.

[Guardianship of female under 12 years old expires at that age, and guardian's power ceases; approved, *Perry v. Brainard*, 11 O. 442, 444.]